**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| BYRON DONNELLE CLAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:25-cv-124-TES-AGH |
| | : | |
| Nurse MS. COOPER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Byron Clay, an inmate in the Walton County Jail in Monroe, Georgia, filed a complaint under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff filed two motions requesting a preliminary injunction and temporary restraining order.  ECF Nos. 9, 12.  A preliminary injunction or temporary restraining order ("TRO") [1] is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint.  *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982); *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1178-79 (11th Cir. 2020) ("The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.").  "Mandatory preliminary relief," as Plaintiff seeks here, "goes well beyond simply maintaining the status quo, is particularly disfavored, and should not be issued unless the facts and law clearly

---

[1] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

favor the moving party." *Powers v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 581, 583 (11th Cir. 2017). Further, "[b]ecause a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule[.]" *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir 1983) (quotation omitted).

Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). The failure to establish any one element will warrant denial of the request for preliminary injunctive relief and obviate the need to consider the remaining requirements. *See Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001); *ACLU of Fla., Inc. v. Miami-Dade Cnty. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) ("[F]ailure to show any of the four factors is fatal.").

At this juncture, the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Defendants have not been served so they have had no meaningful notice to respond to Plaintiff's allegations. Defendants should be afforded an opportunity to respond to Plaintiff's allegations prior to the Court issuing any preliminary injunction or TRO. *See* Fed. R. Civ. P. 65. Since Plaintiff fails to show a substantial likelihood of success on the merits, he fails to meet the prerequisites necessary for preliminary injunctive relief. *See GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1329 (11th Cir. 2015) (citing *ACLU of Fla., Inc.*, 557 F.3d at 1198) (declining to consider

2

remaining preliminary injunction factors because the plaintiff failed to show a likelihood of success on the merits).  Because Plaintiff has not met all the prerequisites for preliminary injunctive relief, it is **RECOMMENDED** that Plaintiff's requests for a preliminary injunction and/or a temporary restraining order (ECF Nos. 9, 12) be **DENIED** at this time.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 11th day of February, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

3