IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BYRON DONNELLE CLAY,                       :
                                           :
                   Plaintiff,              :
                                           :       No. 3:25-cv-00124-TES-AGH
          v.                               :
                                           :
Nurse MS. COOPER, *et al.*,                :
                                           :
                   Defendants.             :

## ORDER

*Pro se* Plaintiff Byron Clay, an inmate in the Walton County Jail in Monroe, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff requested leave to proceed *in forma pauperis*. ECF No. 2. On August 18, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $50.00. ECF No. 4. Thereafter, Plaintiff filed a motion to waive the fee. ECF No. 5. The Court denied his motion on September 19, 2025, and provided him with fourteen additional days to pay the fee. ECF No. 6. He did not pay the fee. On October 10, 2025, Plaintiff requested another extension of time. ECF No. 8. On December 31, 2025, this Court granted Plaintiff an additional fourteen days to pay the fee. ECF No. 16. Plaintiff still did not pay the fee. Therefore, on February 11, 2026, the Court notified Plaintiff that it had not received the partial initial filing fee and ordered him to show cause why this action should not be dismissed for failure to comply with this Court's order. ECF No. 5. The Court again specifically informed Plaintiff that his action could be dismissed if he failed to respond or otherwise pay the fee. *Id*. Plaintiff has failed to respond.

A review of the Court's docket reveals that Plaintiff initiated seven civil rights complaints in this Court within five months. *See* ECF No. 1 (filed Aug. 8, 2025); *Clay v. Stidham*, 3:25-cv-114-TES-AGH (filed July 21, 2025);  *Clay v. Gamble*, 3:25-cv-121-TES-AGH (filed July 31, 2025); *Clay v. Minor*, 3:25-cv-127-TES-AGH (filed Aug. 14, 2025); *Clay v. Pressly*, 3:25-cv-144-TES-AGH (filed Sep. 8, 2025); *Clay v. Batts*, 3:25-cv-167-TES-AGH (filed Oct. 20, 2025); *Clay v. Mendez*, 3:25-cv-196-TES-AGH (filed Dec. 11, 2025). In each, Plaintiff was granted leave to proceed *in forma pauperis* and ordered to pay a partial initial filing fee. *See id*. Plaintiff paid the fees in three of these civil actions after the Court's August 18, 2025, order accessing a partial initial filing fee in this case. *See Clay v. Minor*, 3:25-cv-127-TES-AGH ($41.67 fee paid on October 7, 2025); *Clay v. Pressly*, 3:25-cv-144-TES-AGH ($35.53 fee paid on Oct. 14, 2025); *Clay v. Batts*, 3:25-cv-167-TES-AGH ($37.97 fee paid on Nov. 20, 2025). Therefore, the Court finds that Plaintiff had the ability to pay the fee in this civil action. Seven months have elapsed since Plaintiff was first ordered to pay a partial initial filing fee in this case and despite being granted ample time to comply with the court's multiple orders to pay the fee (ECF Nos. 4, 6, 16, 18), he has failed to do so.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute this case, his complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty.*

2

*Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)).

 **SO ORDERED**, this 1st day of April, 2026.

S/ Tilman E. Self, III     
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
